IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ELIZABETH CULPEPPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-cv-767-MEF |
| | ) | (WO – Do not publish) |
| STRYKER CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This cause of action is before the Court upon a Notice of Removal filed by Defendants on September 4, 2012 (Doc. # 1), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Simultaneously with their Notice of Removal, Defendants Howmedica Osteonics Corporation, Stryker Corporation, and Stryker Sales Corporation filed a Motion for Partial Summary Judgment. (Doc. # 4.) On September 10, 2012, Defendant Brennan Blackmon filed a Motion to Dismiss. (Doc. # 5.) Plaintiff then filed a Motion to Stay Defendants' Motion for Partial Summary Judgment and Motion to Dismiss (Doc. # 7), to which all the defendants filed Responses (Doc. ## 8, 9.) Plaintiff has not yet responded to Defendants' pending dispositive motions and has since filed a Motion for Extension of Time to Respond to Defendants' Motion for Partial Summary Judgment and Motion to Dismiss. (Doc. # 12.) Upon consideration of these filings, the Court finds that Plaintiff's Motion to Stay (Doc. # 7) is due to be granted and that Plaintiff's Motion for Extension (Doc. # 12) is due to be denied as moot.

In their notice of removal from state court, Defendants argued that jurisdiction in this

Court is proper because Plaintiff fraudulently joined one of the named defendants in an effort to destroy complete diversity of the parties. (Doc. # 1, at 3.) However, Plaintiff represents in her motion to stay that she intends to challenge the removal "on solid grounds" in a forthcoming motion to remand, which she intends to file on or before October 7, 2012. (Doc. # 7, at 1.) In support of her motion to stay, Plaintiff argues that if the Court were to consider Defendants' pending dispositive motions and then later determine that it lacks jurisdiction after considering Plaintiff's forthcoming motion to remand, then "all rulings by this Court would be null and void." (*Id.* at 2.)

In response, Defendants argue that it is not necessary to stay the present proceedings because the facts and arguments presented in their dispositive motions and their notice of removal overlap.  (Doc. # 8, at 2.) in support of this argument, Defendants point to a single case in which a court addressed the merits of a defendant's dispositive motion simultaneously with a plaintiff's motion to remand. *See Waldrup v. Hartford Life Ins. Co.*, 598 F. Supp. 3d 1219, 1226 (N.D. Ala. 2008) (denying motion to remand while simultaneously granting motion to dismiss).

The Court sees no reason why its decision on Defendants' pending dispositive motions should not be stayed until after the Court has ruled on Plaintiff's forthcoming motion to remand. The Court acknowledges that the procedure for resolving a fraudulent joinder claim "is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b)" and involves an inquiry into the facts the parties include in their pleadings and any attached affidavits. *Legg v. Wyeth*, 428 F.3d 1317, 1322–23 (11th Cir. 2005) (quoting

2

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 n.9 (5th Cir. Unit A 1981)).  However, the Eleventh Circuit has cautioned that in ruling on a fraudulent joinder claim, "the jurisdictional inquiry must not subsume substantive determination." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th. Cir. 1997).  Because the Court wishes to avoid addressing the merits of the dispositive motions before it determines whether it has subject-matter jurisdiction—an issue which will be more fully addressed in Plaintiff's forthcoming motion to remand—the Court concludes that the most prudent course of action at this early stage is to stay proceedings on the dispositive motions.

Accordingly, it is hereby ORDERED that Plaintiff's Motion to Stay (Doc. # 7) is GRANTED and that this cause of action is STAYED pending resolution of Plaintiff's Motion to Remand, which Plaintiff is DIRECTED to file **on or before October 7, 2012**.

It is further ORDERED that Plaintiff's Motion for Extension (Doc. # 12) is DENIED AS MOOT.

DONE this the 25th day of September, 2012.

                                                 /s/ Mark E. Fuller
                                      UNITED STATES DISTRICT JUDGE